FILED

2020 May-04  AM 08:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### JASPER DIVISION

| | | |
|---|---|---|
| LINDA HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 6:19-cv-01353-LCB |
| | ) | |
| ANDREW SAUL, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On August 20, 2019, the Plaintiff Linda Harrison filed a complaint (Doc. 1) seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Commissioner filed an answer to the complaint on December 19, 2019. (Doc. 4). The Plaintiff filed a brief in support of her position on January 14, 2020, (Doc. 6) and the Commissioner filed a brief in support of the decision on March 6, 2020 (Doc. 7). The Plaintiff also filed a reply brief on March 20, 2020 (Doc. 8). Therefore, this issue is ripe for review. For the following reasons stated below, the final decision of the Commissioner is affirmed.

## I. BACKGROUND

The Plaintiff protectively filed for a period of disability and disability insurance benefits on March 4, 2016. (R. 10). She alleged that her disability began on May 23, 2015. (*Id*). Her claim for benefits was denied on June 3, 2016, and the Plaintiff subsequently filed a request for a hearing before an Administrative Law Judge (ALJ) on June 21, 2016. (*Id*). The Plaintiff initially appeared before ALJ Patrick Digby on January 25, 2018. (R. 45). She testified at this hearing and was questioned by her attorney and the ALJ. (R. 49, 55). Additionally, vocational expert Marsha Schulman testified at this hearing. (R. 55). The ALJ conducted a supplemental hearing on May 2, 2018. (R. 83). The Plaintiff testified again, as did medical expert Dr. James Haynes. (R. 83, 89). Vocational Expert Kathryn Dillon testified at this hearing as well. (R. 97). The ALJ issued his opinion on September 25, 2018. (R. 24). When he issued his opinion, the ALJ used the five-step evaluation process promulgated by the Social Security Administration to determine whether an individual is disabled. (R. 11). The ALJ made the following determinations:

1. The Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2020. (R. 12).

2. The Plaintiff has not engaged in substantial gainful activity since May 23, 2015, the alleged onset date of disability. (*Id*.).

3. The Plaintiff has the following severe impairments: history of narcolepsy and mild bilateral osteoarthritis of the hips. (*Id*.).

4. The Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (R. 13).

5. The Plaintiff has the residual functional capacity (RFC) to perform sedentary work as defined by the Regulations. She can: lift and/or carry, including upward pulling of 20 pounds occasionally; lift and/or carry, including upward pulling of 10 pounds frequently; sit for six hours in an eight hour day with customary breaks but no greater than 30 minutes at one time with the ability to stand and change positions for a few moments; and stand and/or walk six hours in an eight hour workday no greater than 30 minutes with the ability to sit for a few minutes. She will require a sit and stand type of job. Due to the Plaintiff's history of narcolepsy, she should not: work on ladders, ropes or scaffolds; drive commercially; work at unprotected heights; and work around dangerous moving machinery. She should not work jobs where vibrations are involved. There is no limitation in the upper extremity for gross or fine handling, but the lower extremity is limited to occasional use of foot controls. (R. 14).

6. The Plaintiff has no past relevant work. (R. 22).

7. The Plaintiff was born on August 22, 1966, and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age. (*Id*.).

8. The Plaintiff has at least a high school education and can communicate in English. (*Id.*).

9. A determination of transferability of job skills is not material to the determination of disability as the Medical-Vocational Rules support a finding that the Plaintiff is not disabled. (*Id*.).

10. With the Plaintiff's age, education, work experience, and RFC, there are a significant number of jobs in the national economy she can perform. (R. 23).

11. The Plaintiff has not been under a disability as defined in the Social Security Act, from May 23, 2015, through the date of the ALJ's decision on September 25, 2018. (R. 24).

After the ALJ denied her claim, the Plaintiff requested an appeal to the Appeals Council and was denied on July 22, 2019. (R. 1). At that point, the ALJ's decision became the final decision of the Commissioner. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015). The Plaintiff filed this action on July 31, 2019. (Doc. 1).

## II.    DISCUSSION

The Social Security Administration (SSA) is authorized to pay Supplemental Security Insurance (SSI) and disability insurance to claimants that have a disability. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018) (citing *Barnhart v. Thomas*, 540 U.S. 20, 21 (2003)). Title II of the Social Security Act defines disability as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* at 1358-59. (citing 42 U.S.C. §§ 423 (d)(1)(A)).

### A. Standard of Review

The Court reviews "de novo the legal principles upon which the ALJ relied, but [is] limited to assessing whether the ALJ's resulting decision is supported by substantial evidence." *Henry*, 802 F.3d at 1266-67. "Substantial evidence is more than a scintilla and is such relevant evidence that a reasonable person would support

its conclusion." *Winshel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 631 F.3d 1155, 1158 (11th Cir. 2004)). The Court does not "decide facts anew, mak[e] credibility determinations, or reweigh the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Court instead "must scrutinize the record as a whole in determining whether the ALJ reached a reasonable decision." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## B. Five Step Sequential Evaluation

In order to determine if a claimant has a disability, the SSA regulations mandate that an ALJ must follow a five-step sequential evaluation while evaluating a disability claim. *See* 20 C.F.R. §§ 404.1520; 416.920. Pursuant to the regulations, the ALJ must proceed with his analysis as follows:

1. Is the claimant engaged in substantial gainful activity? If "yes" the claimant is not disabled and the analysis ends here. If the answer is "no," proceed to the next step of the analysis. 20 C.F.R. § 404.1520.

2. Does the claimant have a medically determinable physical or mental impairment or combination of impairments that meets the duration requirements of 20 C.F.R. § 404.1509? If "no," the claimant is not disabled. If "yes," proceed to the next step of the analysis. *Id.*

3. Does the claimant have an impairment that equals a listed impairment in 20 C.F.R. § 404, Subpart P Appendix 1 and meets the durational requirements of 20 C.F.R. § 404.1509? If "yes" the claimant is disabled. If "no," proceed to the next step of the analysis. *Id.*

4. Does the claimant have the residual functional capacity (RFC) to return to past relevant work? If "yes" the claimant is not disabled. If no, proceed to the final step of the analysis. *Id.*

5. Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If "no," the claimant is disabled. If "yes," the claimant is not disabled. *Id.*

Initially, the claimant bears the burden of proof regarding the first four steps of the above analysis. *Washington,* 906 F.3d at 1359. The claimant carries a particularly heavy burden when showing why he or she cannot engage in past relevant work. *Id.* After the fourth step, the burden then shifts to the Commissioner to determine if there are jobs in the national economy that the claimant can perform. *Id.* However, while the burden shifts to the Commissioner at step five, the burden ultimately falls to the claimant to show a disability exists. *Id.* (citing *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

## C. The Plaintiff's Contentions

The Plaintiff alleges the ALJ erred in many ways when determining that she was not disabled. First, the Plaintiff argues that the ALJ failed to discuss years of medical records and attendance records that support that she is disabled. (Doc. 6 at 15, 23). She also argues that the ALJ did not give the proper weight to her treating physician's opinion. (*Id*. at 18). Finally, the Plaintiff claims the ALJ improperly found that her subjective complaints were not credible. (*Id*. at 24).

## 1. The ALJ did not err by not mentioning certain medical records.

The Plaintiff argues that the "ALJ failed to discuss or include years of medical records that support [the Plaintiff's] disability claim." (Doc. 6 at 15). Specifically, she asserts that the ALJ did not discuss any of her medical records dated before 2014. (*Id*. at 16). The Plaintiff claims these records support her narcolepsy diagnosis and the severity of her impairment. (*Id*. at 17).

An ALJ "not only is [] duty-bound to develop a full and fair record, [but] he must carefully weigh the evidence, giving individualized consideration to each claim that comes before him." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1258 (11th Cir. 2019) (citing *Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996)). When making his decision, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). The ALJ's decision can stand as long as it "is not a broad rejection which 'is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole." *Id*. (citing *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)).

Here, the ALJ did not err by not discussing the Plaintiff's past medical records about her narcolepsy. The records the Plaintiff alleges the ALJ improperly failed to consider support that she has been diagnosed with narcolepsy and that the medication to treat her condition caused uncomfortable side effects. *See* (R. 456, 460, 483). The Plaintiff's later medical records and testimony during the hearing

establish these same facts. *See* (R. 53, 721). The ALJ's decision noted the Plaintiff's history of narcolepsy was a severe impairment and her testimony that she no longer took medication to treat this illness. *See* (R. 12, 15). While these examination notes are included with the Plaintiff's medical evidence, these records only reiterate what was established in her later medical history and hearing testimony. Accordingly, the ALJ made no error by not discussing the Plaintiff's earlier medical records related to narcolepsy.

The Plaintiff also argues that the ALJ did not properly consider her attendance records from her former teaching position. (Doc. 6 at 23). The Plaintiff's employment records provide that she frequently missed work because of her severe impairments. (*Id*. at 24). She claims that had the ALJ considered these employment records, he would have determined that she was unemployable. (*Id*.). The ALJ did not err by failing to consider the Plaintiff's absences when she worked as a teacher. In his decision, the ALJ determined that the Plaintiff's severe impairments prevented her from returning to her past relevant work, which includes teaching. (R. 22). Accordingly, the number of absences she accumulated while a teacher is not relevant to whether she is employable with her new RFC limitations. Therefore, there is no error here.

2. **The ALJ did not err by failing to give more weight to the opinion of the Plaintiff's treating physician.**

Next, The Plaintiff argues that the ALJ failed to give the proper weight to the opinion of Dr. Scott Dixon, her treating physician. (Doc. 6 at 17). Dr. Dixon testified about the Plaintiff's conditions in a sworn statement on July 18, 2017. (R. 567). The Plaintiff's attorney questioned Dr. Dixon throughout his testimony. *See e.g.* (R. 569-79). Dr. Dixon stated that the Plaintiff's narcolepsy was disabling because the symptoms were so severe. (R. 573). He also testified that the Plaintiff suffered from chronic myofascial disorder and neuropathy. (*Id*.). He opined that the Plaintiff's condition would worsen over the next few years unless new treatment becomes available. (R. 578). The ALJ decided to give no weight to Dr. Dixon's opinions when determining whether the Plaintiff was disabled because good cause existed to discount his opinion. (R. 19). The ALJ noted he did not consider his statement because it was "elicited through the claimant's attorney where the doctor simply said 'yes' to most of the leading and detailed questions asked by the claimant's attorney." (R. 18). He also noted that Dr. Dixon's treatment notes and the Plaintiff's objective medical evidence contradicted his opinion. (R. 19-20).

Typically, an ALJ will give more weight to the opinion of a claimant's treating physician. 20 CFR § 404.1527(c)(2). A treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). "Good cause [to discount the treating physician's opinion] exists when (1) the treating physician's opinion was

not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the treating physician's opinion was conclusory or inconsistent with his own medical records." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1259 (11th Cir. 2019). An ALJ also "must clearly articulate the reasons for giving less weight to the opinion of a treating physician." *Id.* However, an "ALJ may reject any medical opinion if the evidence supports a contrary finding." *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987). An ALJ is not required to accept as true an opinion from a medical source that a claimant is "disabled or unable to work" because the decision of these issues is reserved for the Commissioner. 20 CFR § 404.1527(d)(2).

The ALJ gave appropriate weight to Dr. Dixon's opinions about the Plaintiff's severe impairments. Despite Dr. Dixon's treatment relationship with the Plaintiff, his findings are not generally supported by objective medical evidence in her record. *See* 20 CFR § 404.1527(c)(3). The Plaintiff's medical records provide typically normal neurological findings including that she was alert and oriented and her memory was intact. *See* (R. 632, 748, 780). Additionally, the Plaintiff's medical records also provide she demonstrated normal range of motion, normal gait, and the ability to continue to perform activities of daily living (ADLs). *See* (R. 602, 619, 622, 632). Further, Dr. Dixon's statements about the severity of the Plaintiff's symptoms are not supported by his treatment notes. *See* (R. 751, 753, 756). While the Plaintiff quarrels with the ALJ's characterization of his sworn statement as a

10

deposition and that Dr. Dixon's statements were elicited from her counsel (Doc. 6 at 21-22), the ALJ stated he also discredited his opinion because the medical evidence did not support it. Accordingly, the ALJ's finding that good cause existed to discount Dr. Dixon's is supported by substantial evidence. Therefore, there is no error here.

### 3. Substantial evidence supports the ALJ's decision to discount the Plaintiff's subjective pain complaints.

Finally, the Plaintiff contends that the ALJ improperly found her subjective pain complaints to be less credible. (Doc. 6 at 24). The Plaintiff argues that the ALJ discounted her opinion based "on selective medical evidence, instead of the record as a whole." (*Id*. at 25). Had he considered the whole record, the Plaintiff argues the ALJ would have found her subjective pain complaints were believable. (*Id*. at 28). Additionally, the Plaintiff claims that the testimony of Dr. James Haynes, medical expert, supports her testimony about her pain symptoms. (*Id*. at 27). Dr. Haynes testified that he believed the Plaintiff suffers from pain related to her severe impairments, but there is not objective medical evidence to support this finding. (R. 90-91). Ultimately, the ALJ found that "[t]he objective evidence does not confirm either the severity of the claimant's alleged symptoms arising from her medically documented conditions, or that those conditions could reasonably be expected to give rise to the severity of the symptoms alleged by the claimant." (R. 16-17).

A claimant's statements about his pain will not suffice to establish a disability exists. *See* 20 C.F.R. § 404.1529(b). A "claimant must satisfy two parts of a three-

11

part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can give rise to the claimed pain" to establish a disability based on pain. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

When an ALJ is examining the intensity and persistence of a claimant's symptoms, the ALJ can consider factors such as the claimant's: "daily activities; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; [and] any measures other than treatment an individual uses or has used to relieve pain or other symptoms." SSR 16-3p, 2017 WL 5180304 at *7-*8. However, a claimant's "participation in everyday activities of short duration, such as housework or fishing, [does not disqualify] a claimant from disability." *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997). Ultimately, "[t]here must be objective medical evidence from an acceptable medical source" that supports a claimant's statements about her disabling pain. 20 CFR § 404.1529(a).

Substantial evidence supports the ALJ's decision to discount the Plaintiff's subjective pain complaints. While the Plaintiff asserts that her impairments are totally disabling and prevent her from working, the objective medical evidence does not support this conclusion. As discussed above, the Plaintiff's medical record

provides that while she experienced difficulties because of her impairments, her examinations indicated her memory was normal and she was alert and oriented to time, place, and situation. *See* (R. 632, 748, 780). Additionally, her examinations provide she demonstrated a normal range of motion, normal gait, and her muscles had normal strength and tone. *See* (R. 587, 619, 632, 780). While the Plaintiff's ability to perform activities of daily living is not wholly determinative on whether a person is disabled, the ALJ can consider a claimant's daily activities when considering the intensity and persistence of her symptoms. *See* SSR 16-3p. The Plaintiff's Adult Function Report (AFR) provides that the Plaintiff can take of her personal needs, drive in a car, ride in a car, and follows directions well. (R. 321, 323, 325).

Further, substantial evidence supports the ALJ's conclusion despite Dr. Haynes's opinions about the Plaintiff's pain symptoms. The ALJ gave some weight to Dr. Haynes's opinions about the Plaintiff's complaints but disregarded his finding that the Plaintiff could equal listed impairment 11.14, peripheral neuropathy.[1] (R. 20). The weight that the ALJ was required to give Dr. Haynes's opinion depends upon factors like whether it is supported by medical evidence and is consistent with the entire record. *See* 20 C.F.R. § 404.1527(c). Dr. Haynes noted in his testimony

---

[1] Had the Plaintiff met or equaled a listed impairment, the regulations require the ALJ find she was disabled.

there was no objective medical evidence to support his conclusions about the Plaintiff's chronic muscular pain. (R. 91). Further, as the Court discussed above, the Plaintiff's entire record does not support Dr. Haynes's limitations. Accordingly, substantial evidence supports the ALJ's decision to not consider the Plaintiff's subjective pain symptoms. Therefore, the ALJ made no error here.

## III.   CONCLUSION

For these reasons, and the Court being otherwise sufficiently advised, it is **ORDERED** that the final decision of the Commissioner is **AFFIRMED**. A final judgment will be entered separately.

**DONE** and **ORDERED** this May 3, 2020.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE